UNITED STATES DISCTRICT COURT
DISTRICT OF NEW JERSEY, TRENTON VICINAGE

| | |
|---|---|
| DENNIS YOUNG | : |
| Plaintiff | : |
| v. | : CIVIL ACTION NO. 3:17-cv-12904 |
| WERNER COMPANY AND HOME DEPOT USA, INC. AND THE HOME DEPOT, INC. JOHN DOES 1-50 (fictitious person, corporations or entities responsible for the damages sustained by Plaintiffs) | : |
| Defendants | : |

## FIRST AMENDED COMPLAINT

Dennis Young, residing at 106 Windsor Court, East Windsor, NJ 08512, by way of Complaint against Defendants, brings the following products liability claims, and avers the following:

1. Plaintiff Dennis Young is an adult individual residing at the above captioned address.

2. Defendant Werner Company, is a corporation with corporate headquarters located at the above-captioned address.

3. Defendant, Home Depot USA, Inc. is a corporation with corporate headquarters located at the above-captioned address.

4. Defendant, The Home Depot, Inc. is a corporation with corporate headquarters located at the above-captioned address.

1

5. Defendants, Home Depot USA, Inc. and The Home Depot, Inc., upon information and belief, engaged in the business of owning, operating, and/or maintaining the facility known as Home Depot located at 197 Route 72 West, Stafford Township, NJ 08050.

6. Defendants, John Does 3-50, are individuals, corporations, partnerships, and/or other business entities whose identities are not yet known to Plaintiff but manufactured, designed, distributed, marketed, supplied and/or sold the subject ladder and are responsible for the damages sustained by Plaintiff as described below.

7. During or about 2015-2016, Plaintiff Dennis Young purchased a ladder from the Home Depot located at 197 Route 72 West, Stafford Township, NJ 08050.

8. On or about January 19, 2017, Plaintiff Dennis Young was climbing the abovementioned ladder at 49 Rigley Street, Mount Holly, New Jersey when the side spreader bar on the ladder broke, bent, and/or twisted, causing the ladder to collapse and Plaintiff to fall approximately five feet, sustaining serious and permanent bodily injury.

9. Defendant Werner Company manufactured, designed, distributed marketed, supplied and/or sold the subject ladder, which was defectively manufactured and designed, and had defective warnings and instructions for use.

10. Defendant Home Depot USA, Inc. manufactured, designed, distributed marketed, supplied and/or sold the subject ladder, which was defectively manufactured and designed, and had defective warnings and instructions for use.

11. Defendant The Home Depot, Inc. manufactured, designed, distributed marketed, supplied and/or sold the subject ladder, which was defectively manufactured and designed, and had defective warnings and instructions for use.

12. Defendants John Does 3-50 also manufactured, designed, distributed, marketed, supplied and/or sold the subject ladder, which was defectively manufactured and designed, and had defective warnings and instructions for use and/or were otherwise responsible for the product's defective condition.

13. The defective condition of the ladder caused Plaintiff's accident and injuries.

14. As a result of using Defendants' defective product, Plaintiff Dennis Young sustained serious and permanent injuries, including, but not limited to, a broken right rib, injuries to the right wrist, right ankle and right foot, post traumatic lumbar radiculopathy, myofascial pain syndrome, lower back pain, right wrist pain, and right foot and ankle pain.

15. The incident and injuries resulted solely from the negligence and carelessness of Defendants, and/or the defective nature of the ladder, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

## COUNT I
## NEGLIGENCE

16. The Plaintiff hereby incorporates by reference thereto paragraphs 1 through 9 of the within Complaint, inclusive, as though same were set forth fully at length herein.

17. Defendants' conduct in making, selling, marketing, distributing, labelling, and/or packaging a defective ladder was negligent and was the cause of the Plaintiff's injuries.

18. As a result of defendant's negligence, Plaintiff Dennis Young sustained the aforesaid damages.

**WHEREFORE**, Plaintiff Dennis Young demands judgment against Defendants, and requests the Court award Compensatory damages, costs and any other relief which the court deems is fit.

## COUNT II
## STRICT LIABILITY

19. The Plaintiff hereby incorporates by reference thereto paragraphs 1 through 12 of the within Complaint, inclusive, as though same were set forth fully at length herein.

20. Defendants are strictly liable for supplying a defective product which caused Plaintiff's injuries, and for representing that the ladder was safe for consumer use, which representations Plaintiff relied upon and which reliance led to his use of the product and eventual injuries.

21. As a result of the aforementioned conduct, Plaintiff Dennis Young sustained the aforesaid damages.

**WHEREFORE,** Plaintiff Dennis Young demands judgment against Defendants, and requests the Court award compensatory damages, costs and any other relief which the court deems is fit.

## COUNT III
## BREACH OF WARRANTY

22. The Plaintiff hereby incorporates by reference thereto paragraphs 1 through 15 of the within Complaint, inclusive, as though same were set forth fully at length herein.

23. Defendants' aforementioned conduct in supplying a defective product breached their warranties, express and implied, and was the cause of the Plaintiff's injuries.

24. As a result of Defendants' breach of these warranties, Plaintiff Dennis Young sustained the aforesaid damages.

**WHEREFORE**, Plaintiff Dennis Young demands judgment against Defendants, and requests the Court award compensatory damages, costs and any other relief which the court deems is fit.

                                       **SWARTZ CULLETON PC**

                                       Attorneys for Plaintiff

                                  By: ***/s/ Caroline Turner***

Dated: March 29, 2018                                   Caroline Turner, Esquire